UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TONY COBOS, | ) | 1:06-cv-00317-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO GRANT RESPONDENT'S MOTION TO |
| v. | ) | DISMISS THE PETITION (Doc. 9) |
| | ) | |
| | ) | ORDER DIRECTING OBJECTIONS TO BE |
| MENDOZA-POWERS, Warden, | ) | FILED WITHIN TWENTY DAYS |
| | ) | |
| Respondent. | ) | |
| | ) | |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed in the United States District Court for the Central District of California on February 10, 2006 and transferred to this Court on March 21, 2006. (Doc. 1).

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

On May 8, 2007, Respondent has filed a motion to dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). (Doc. 9). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

1

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one- year limitation period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320.  The instant petition was filed on January 23, 2006,[1] and thus, it is subject to the provisions of the AEDPA.

///

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379 (1988).  The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 275-276.. As mentioned, Petitioner originally filed his petition in the Central District of California on February 10, 2006. Although no record of Petitioner's prison mail log is in evidence, it appears that the petition was signed by Petitioner on either January 23 or January 25, 2006. For purposes of this motion and for calculating the deadlines under AEDPA, the Court will give Petitioner the benefit of the doubt by assuming that the petition was put in the hands of prison authorities on January 23, 2006. Respondent contends that the petition was filed on January 30, 2006; however, the Court finds nothing in the record that would support such a finding.

The AEDPA imposes a one- year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, however, Petitioner is challenging the result of an administrative hearing regarding the denial of parole. (Doc. 1). The Ninth Circuit has held that the one-year limitation period contained in 28 U.S.C. 2244(d)(1) "is not limited to petitions challenging the judgment of a state court," but that it also "applies to all petitions filed by a 'person in custody pursuant to the judgment of a State court.'" Shelby v. Bartlett, 391 F.3d 1061, 1065 (9th Cir. 2004). However, unlike petitions challenging their convictions, § 2244(d)(1)(D), rather than § 2244(d)(1)(A), applies to habeas petitions that challenge administrative bodies such as parole and disciplinary boards. Id. at 1066; Redd v. McGrath, 343 F.3d 1077, 1081-1083 (9th Cir. 2003). Under subsection (D), the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Shelby, 391 F.3d at 1066.

///

1    In this instance, the hearing which the instant petition challenges was held on March 27,
2 2002. (Lodged Document ("LD") Exhibit 1). The decision of the parole board became final on May
3 2, 2002. (Id.). Upon finality, the "factual predicate" for the claims in the instant petition could have
4 been discovered by Petitioner, through the exercise of reasonable diligence, on that date. However,
5 Petitioner then filed administrative appeals of the denial. (LD Exh. 2). That process was concluded
6 when the appeal of the parole denial was issued on April 8, 2003. Accordingly, assuming, for the
7 sake of argument and this motion, that the statute of limitations would have commenced the
8 following day, April 9, 2003, Petitioner would have had one year from that date, absent applicable
9 tolling, within which to file the instant petition. Thus, the one-year period would have expired on
10 April 9, 2004. As discussed above, the petition was filed on January 23, 2006, almost twenty-one
11 months *afte*r the limitation period would have expired. Unless Petitioner is entitled to either
12 statutory or equitable tolling for that entire period, Respondent's motion should be granted and the
13 petition should be dismissed.

14    C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

15    Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application
16 for State post-conviction or other collateral review with respect to the pertinent judgment or claim is
17 pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In
18 Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first
19 state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral
20 challenge."[2] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also, Taylor v. Lee, 186 F.3d
21 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned
22 that tolling the limitations period during the time a petitioner is preparing his petition to file at the
23 next appellate level reinforces the need to present all claims to the state courts first and will prevent
24 the premature filing of federal petitions out of concern that the limitation period will end before all

---

[2]In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino v. Galaza, 183 F.3d 1003, 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

4

claims can be presented to the state supreme court. Id. at 1005. However, the limitations period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-182, 121 S. Ct. 2120 (2001).

This statutory tolling will apply if a state petition has been "properly filed." Artuz v. Bennett, 531 U.S. 4, 8. 121 S.Ct. 361 (2000) (holding that a properly filed state application complies with the applicable laws and rules governing filings, including the form of the application and time limitations). A state habeas petition is "pending" during a full round of review in the state courts, a period that includes the time between a lower court decision and filing a new petition in a higher court as long as those intervals are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-224, 122 S.Ct. 2134 (2002).

In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a new habeas petition at the same or a lower level" of the state court system. See also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level."). There is no tolling for the period between sets or "rounds" of state habeas petitions. Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003)(no tolling once California Supreme Court denied review); see also Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002)(no tolling during gap between first set of state petitions and second). Nor is a petitioner entitled to continuous tolling when the later petition raises unrelated claims. Gaston v. Palmer, 447 F.3d 1165 (9th Cir. 2006). However, if the state supreme court denies a petition for failure to allege with sufficient particularity facts warranting habeas relief and allows amendment to comply, petitioner will be entitled to tolling for the period between denial and commencement of next series of petitions if the subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition and the second petition is not denied as untimely. King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).

The limitations period is not tolled for the period between finality of the appeal and the filing of an application for post-conviction or other collateral review in state court since no state court application is "pending." Nino, 183 F.3d at 1006-1007. Nor is there tolling between finality and the
///

filing of a federal petition. Id. at 1007. And, as mentioned previously, the one-year period is not tolled during the pendency of a federal petition. Duncan, 533 U.S. at 181-182.

Here, the documents submitted by Respondent establish that Petitioner filed his first collateral challenge to the parole denial in the Kings County Superior Court in a state habeas petition. (LD Exh. 3). The document was filed on April 20, 2004, but dated April 6, 2004. (Id. at p. 34). Unfortunately, there is no evidence in the record as to the date on which Petitioner actually submitted the petition to prison authorities for mailing. For purposes of these Findings and Recommendations, however, the Court will assume that the date of signing, April 6, 2004, represents the earliest possible date on which the "mailbox" rule could have applied. Under that circumstance, 362 days of the one year period, i.e., from April 9, 2003 until April 6, 2004, would have expired before Petitioner's first state petition would have tolled the running of the limitations period. At that point, whenever the Kings County Superior Court ruled on his petition, the one-year period would resume running and Petitioner would have only *three days* remaining of his one-year period. Any period of time not properly tolled under the AEDPA and amounting to more than three days, therefore, would establish that the instant petition is untimely.

From Respondent's lodged documents,[1] it appears that Petitioner's last state petition was denied by the California Supreme Court on January 4, 2006. (LD Exh. 11). At that point, regardless of what had transpired between the filing of his first petition in the Kings County Superior Court and the California Supreme Court's denial of his last petition, Petitioner would have had, at most, only three days remaining on his one-year period. Petitioner waited until at least January 23, 2006, at the earliest, to file the instant petition. Since the limitations period would have expired three days after January 4, 2006, or on January 7, 2006, the instant petition is untimely by at least sixteen days.

---

[1] Respondent includes photocopies of various web pages from the website for the California court system. The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir. 1981); see also, Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California state courts, containing the state court system's records for filings in the Court of Appeal and the California Supreme Court, are properly subject to judicial notice.

Respondent alleges further lapses in tolling that would make the petition far later than sixteen days. While a preliminary review of Respondent's contentions suggests that Respondent may indeed be correct and Petitioner may not be entitled to tolling for a significant portion of that time, the Court need not address these arguably untolled periods because, construing the record in the light most favorable to Petitioner, it is obvious that his petition is untimely by at least sixteen days under the analysis discussed above. Having already determined that the petition is untimely, the Court need not make additional findings regarding further untimeliness. The petition is untimely and should be dismissed. Accordingly, the Court will not address Respondent's additional arguments regarding whether the remaining state petitions or the intervals separating them are entitled to statutory tolling.

### D. Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998)(citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1997)). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

At no point in the proceedings has Petitioner alleged entitlement to equitable tolling. In his opposition to the instant motion, Petitioner suggests that he should be permitted a decision on the merits of his allegations and that he made diligent efforts to exhaust his state court remedies. (Doc. 10). The Court agrees that, all other matters being equal, a decision on the merits is preferable. And the Court acknowledges Petitioner's efforts to exhaust his claims. However, the issue here is not exhaustion, but timeliness. The AEDPA does not provide this Court with discretion to ignore the fact that the petition was not filed within the one-year limitation period. Clearly, it was not. Under those circumstances, and absent any justification for equitable tolling, the petition should be dismissed as untimely.

///

///

///

**RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss (Doc. 9), be GRANTED and the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitations period.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 26, 2008**                         /s/ Theresa A. Goldner
                                                                    UNITED STATES MAGISTRATE JUDGE